Richard Morin (SBN 285275)
Law Office of Rick Morin, PC
500 Newport Center Drive Suite 610
Newport Beach, CA 92660
Phone: (949) 996-3094
Email: legal@rickmorin.net

Attorney for Plaintiff David Robinson

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| David Robinson,<br><br>    Plaintiff,<br>  v.<br><br>Menemsha Equity, LLC.,<br><br>    Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**Jury Trial Demanded** |

David Robinson ("Plaintiff") alleges the following:

## INTRODUCTION

1. Plaintiff brings this action against Menemsha Equity, LLC. ("Defendant"), for unlawfully discriminating against Plaintiff because of Plaintiff's disability at the Allied Ink Tattoos and Piercings ("Allied Ink") located at 1415 Georgia Street in Vallejo, California ("Property").

2. Plaintiff seeks damages, injunctive, and declaratory relief, attorney's fees and costs pursuant to the Americans with Disabilities Act of 1990 ("ADA") and related California law.

## PARTIES

3. Plaintiff is a natural person and an adult resident of the San Francisco Bay Area. At all times relevant to this Complaint, Plaintiff is and has been considered disabled.

4. Defendant Menemsha Equity, LLC. is a California limited liability company with a principal address in Vallejo, California, that owned, managed, operated, and/or was otherwise responsible for the Property and where the Allied Ink is located.

## JURISDICTION

5. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. 1331 and 1343 for violations of the Americans with Disabilities Act of 1990.

6. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California law.

## VENUE

7. Venue is proper in this court pursuant to 28 U.S.C. 1391 and is founded on the fact that the Property and the Allied Ink are located inside this district and Plaintiff's claims arose in this district.

## FACTUAL ALLEGATIONS

8. Plaintiff suffers from disabilities, and/or medical conditions that are disabilities.

9. Plaintiff is a paraplegic due to a tragic motorcycle accident.

10. Plaintiff requires a wheelchair to facilitate his mobility because of a spinal cord injury.

11. Plaintiff's symptoms substantially limit his major life activities.

12. Plaintiff has at all relevant times, displayed a valid disabled person parking placard issued by the California Department of Motor Vehicles.

13. Plaintiff's lives in the San Francisco Bay Area, not far from the Property.

14. On January 10, 2024 and July 21, 2024, Plaintiff personally visited Allied Ink to get a tattoo.

15. Plaintiff was in the area because he lives nearby.

16. Upon arriving at Allied Ink, Plaintiff found the sole entrance to the business is serviced by an undamped series of stairs, making it impossible for Plaintiff to enter the business. Plaintiff looked around and discovered that there was no ramp or lift to allow a person in a wheelchair, including Plaintiff, to access the business.

17. On August 4, 2024, Plaintiff personally called Allied Ink to confirm that the business does not offer wheelchair access, and the business confirmed that there is no wheelchair access at Allied Ink.

18. Plaintiff would like to return to the Property and the Allied Ink in the future as it is a

convenient location for Plaintiff to get a tattoo.

19. The Allied Ink and Property are public accommodations and business establishments.

20. The Allied Ink and Property are open to the public and their operation affects commerce.

21. Allied Ink and the Property has undergone construction and/or alterations, structural repairs, or additions since July 1, 1970 and/or July 1, 1982.

22. Allied Ink and the Property are alleged to have applied for a permit or have started physical new construction and/or alterations, structural repairs, and/or additions after March 15, 2012.

23. Plaintiff has suffered and continues to suffer violations of his civil rights to full and equal enjoyment of goods, services, facilities, and privileges, and has suffered and will suffer negative feelings.

24. Unlike individuals who can walk, a person in a wheelchair is unable to ascend or descend stairs without assistance, effectively preventing them from entering or fully utilizing the business premises. This limitation restricts a disabled person's ability to access the goods, services, and facilities offered by the business, creating an unequal experience compared to other patrons. In this case, the lack of an alternative accessible route, such as a ramp or elevator, represents a failure by Defendant to comply with the ADA. Defendant's failure resulted in the exclusion of Plaintiff from the business, thereby denying Plaintiff the full and equal enjoyment of Allied Ink's offerings, which is both discriminatory and unlawful under federal and state disability rights laws.

## FIRST CAUSE OF ACTION

Violations of the Americans with Disabilities Act

42 U.S.C. § 12101, et seq.

25. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

26. Defendant has denied Plaintiff full and equal enjoyment and use of the goods, services, facilities, privileges, and accommodations of the Allied Ink and the Property.

27. The Allied Ink is a public accommodation.

28. The Property is a public accommodation.

### Failure to Remove Architectural Barriers at an Existing Property

29. Defendant failed to remove architectural barriers, which are structural in nature, where it is reasonably achievable, without much difficulty or expense, and the cost of removing the architectural barriers does not exceed the benefits under these particular circumstances.

30. For those barriers where it is not reasonably achievable to remove them, if any, Defendant failed to make the goods, services, facilities, or accommodations available through alternative methods that are readily achievable.

### Failure to Design and Construct an Accessible Property

31. The improvements at the Property are believed to have been designed and constructed, or both, after January 26, 1993, independently triggering access requirements under Title III of the ADA.

32. Defendant violated the ADA by failing to design and construct the facilities at the Property in a manner that was readily accessible to the physically disabled public, including Plaintiff, when it was structurally practical to do so.

### Failure to Make an Altered Facility Accessible

33. Plaintiff alleges that the Property was modified after January 26, 1993, independently triggering access requirements under the ADA.

34. The ADA requires properties altered in a manner that affects or could affect its usability be made easily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).

35. Defendant altered the Property in a manner that violated the ADA and was not readily accessible to the physically disabled public – including Plaintiff – the maximum extent possible.

36. The configuration and condition of the Property denied Plaintiff a public accommodation due to Plaintiff's disability.

37. It is readily achievable for Defendant to remove the architectural barriers.

### Failure to Maintain Accessible Features

38. Defendant violated the ADA by failing to maintain in operable and working condition those features of the Allied Ink and Property that are required to be readily accessible to and be usable

by persons with disabilities.

39. Defendant's failure in maintaining the Allied Ink and Property in an accessible condition was not an isolated or temporary interruption in service or access due to maintenance or repairs.

40. The configuration and condition of the Allied Ink and Property denied Plaintiff a public accommodation due to Plaintiff's disability.

41. It is readily achievable for Defendant to remove the barriers.

42. Defendant does not have any legitimate business justification to excuse the condition and configuration of the Allied Ink and Property.

43. Defendant's violations are the cause of suffering for Plaintiff.

44. Plaintiff prays for all relief available under the ADA, including injunctive relief that prohibits violations complained of herein, which have the effect of wrongfully excluding Plaintiff and other members of the public who are physically disabled from full and equal access to these public facilities, as well as attorney's fees, costs, and other expenses for these violations.

**SECOND CAUSE OF ACTION**

Violations of the Unruh Civil Rights Act

California Civil Code §§ 51-53

45. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

46. The Allied Ink and the Property are business establishments.

47. As described above, Defendant intentionally discriminated against Plaintiff during Plaintiff's visits and attempted visits to the Allied Ink at the Property.

48. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code 51(f).

49. Defendant violated the ADA during Plaintiff's visit to Allied Ink at the Property.

50. Defendant's acts and omissions as specified are in violation of California Civil Code §§ 51 and 51.5, the Unruh Civil Rights Act, and have denied Plaintiff's right to "full and equal accommodations, advantages, facilities, privileges or services in all business establishments of every kind whatsoever."

51. Plaintiff was harmed.

52. Defendant's conduct was a substantial factor in causing Plaintiff's harm.

53. As a result of the violation of Plaintiffs civil rights protected by California Civil Code §§ 51 and 51.5, Plaintiff is entitled to the rights and remedies of California Civil Code § 52, including a trebling of actual damages, minimum statutory damages, as well as reasonable attorneys' fees and costs, as allowed by statute, according to proof.

54. Plaintiff also seeks to enjoin Defendant from violating disabled persons' rights.

## **PRAYER**

Plaintiff hereby prays for the following:

1. Injunctive relief compelling Defendant to cease its discrimination of disabled persons and remove all accessibility barriers that relate to Plaintiff's disability;

2. Damages under the Unruh Civil Rights Act of no less than $30,000;

3. Attorney's fees pursuant to 42 U.S.C. 12205, Civil Code sections 52, and/or Code of Civil Procedure section 1021.5, expenses, and costs of suit;

4. Other relief that the court deems appropriate.

Dated: August 13, 2024                             Law Office of Rick Morin, PC

_____
Richard Morin
Attorney for Plaintiff