UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ROBINSON<br><br>            Plaintiff,<br><br>       v.<br><br>MENEMSHA EQUITY, LLC,<br><br>            Defendant. | No. 2:24-cv-02168-TLN-SCR<br><br>**ORDER** |

      This matter is before the Court on Defendant Menemsha Equity LLC's ("Defendant") Motion to Quash Service of Process, Motion to Set Aside the Default, and Request for Sanctions. (ECF No. 10.) Plaintiff David Robinson ("Plaintiff") filed an opposition. (ECF No. 12.) Defendant filed a reply. (ECF No. 13.) For the reasons set forth below, Defendant's motion is GRANTED in part and DENIED in part.

///

///

///

///

///

### I.   FACTUAL AND PROCEDURAL BACKGROUND

The instant action arises from Defendant's alleged discrimination against Plaintiff based on his disability. (ECF No. 1 at 1.) Plaintiff filed suit against Defendant on August 13, 2024, under Title III of the Americans with Disabilities Act and the California Unruh Civil Rights Act. (*Id.*) A summons was issued on the same day. (ECF No. 2.) Later that day, Plaintiff dispatched a process server to serve Denise Cordero ("Cordero") at 2586 Appian Way in Pinole, California. (ECF No. 12-1 ¶ 3.) Plaintiff contends Defendant had listed Cordero as its agent for service of process with the California Secretary of State. (*Id.*; ECF No. 12-2.) However, on August 22, 2024, Plaintiff learned the address was vacant. (ECF No. 12-1 ¶ 4.) Plaintiff then dispatched the process server to 301 Georgia Street #303 in Vallejo, California, which was listed as Defendant's principal address with the California Secretary of State. (ECF No. 12 at 2; ECF No. 12-1 ¶ 5; ECF No. 12-2.) The process server reported back saying the door was locked and Defendant's name was not on the directory. (ECF No. 12-1 ¶ 6.) The process server attempted to effectuate service at the Georgia Street address five additional times, but to no avail. (*Id.*)

On August 27, 2024, Debra Reyes ("Reyes") contacted Plaintiff, saying she was calling from Farmers Insurance about the lawsuit. (*Id.* ¶ 7.) Reyes requested a copy of the summons and Complaint and confirmed Defendant was their insured. (*Id.*) Plaintiff emailed the documents to Reyes that same day. (*Id.*)

On September 5, 2024, Plaintiff searched local court records and found a case in which Defendant was represented by Todd Wenzel ("Wenzel"). (ECF No. 12-1 ¶ 9.) Plaintiff's counsel emailed Wenzel stating he was attempting to locate Defendant's agent for service of process. (*Id.*; ECF No. 12-5.) Wenzel responded stating he could not accept service, but stated he was "advised" Defendant was updating their statement of information with the California Secretary of State and inputting a new registered agent for service of process. (ECF No. 12-5.)

On September 30, 2024, Plaintiff discovered Defendant had filed a new statement of information, naming Ari Weisberg ("Weisberg") at 955 Walnut Avenue, Vallejo, California as its agent for service of process. (ECF No. 12-1 ¶ 12; ECF No. 12-3.) That same day, Plaintiff dispatched a process server to the Walnut Avenue address. (ECF No. 12-1 ¶ 12.) On October 9,

2

2024, the process server reported he had completed substitute service at the Walnut Avenue address. (*Id*. ¶ 13.) The proof of service, filed on October 18, 2024, states the process server served Defendant via substituted service on October 7, 2024, by delivering the documents to "John Doe" — an "employee in charge" who refused to give a name. (ECF No. 4 at 1.)

On November 5, 2024, Plaintiff's counsel mailed a letter to Defendant at the Walnut Avenue address stating that Plaintiff would seek an entry of default if no timely response was filed by November 8, 2024. (ECF No. 12-1 ¶ 14; ECF No. 12-6.) On November 19, 2024, Plaintiff requested entry of default. (ECF No. 8.) The clerk entered Defendant's default on November 21, 2024. (ECF No. 9.) On that same day, during a call with Plaintiff, Defendant claimed that service was improper. (ECF No. 12-1 ¶ 18.) In response, Plaintiff requested Defendant review prior emails, but Defendant allegedly refused and ended the call. (*Id*.) On December 6, 2024, Defendant filed the instant motion to quash, motion to set aside the default, and request for sanctions. (ECF No. 10.)

## II. ANALYSIS

Defendant moves to quash service of process, set aside the default, and impose sanctions on Plaintiff. (*Id*. at 2.) The Court addresses each request separately.

### A. Service of Process

A federal court lacks personal jurisdiction over a defendant unless the defendant has been served Federal Rule of Civil Procedure ("Rule") 4, which governs service of process for all suits in federal court. *Crowley v. Bannister*, 734 F.3d 967, 974-75 (9th Cir. 2013) (quotations and citation omitted); *see generally*, Fed. R. Civ. P. 4. "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *United Food & Com'l Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984). Minor defects in a summons, such as not naming all the defendants or specifying the incorrect date to file the answer, generally would not call for dismissal unless prejudice is shown. *Id*. (citations omitted). But if service was not made in "substantial compliance" with the requirements of Rule 4, "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction." *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) (citation omitted). Once service

3

1   is challenged, the plaintiff bears the burden of proving that service was valid. *Brockmeyer v.*
2   *May*, 383 F.3d 798, 801 (9th Cir. 2004). If the facts show service of process was insufficient, the
3   district court has discretion to dismiss the action or quash the service. *See S.J. v. Issaquah Sch.*
4   *Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006) (citation omitted).

5   Rule 4(e)(1) allows for service "following state law for serving a summons in an action
6   brought in courts of general jurisdiction in the state where the district court is located or where
7   service is made." Fed. R. Civ. P. 4(e)(1). Relevant here, California law provides that a
8   corporation can be served by delivering a copy of the summons and the complaint to, among
9   other possibilities not relevant here, a designated agent or certain corporate officers. Cal. Civ. P.
10  Code § 416.10. Personal delivery is not required, as California law allows a summons to be
11  served "by leaving a copy of the summons and complaint during usual office hours in [the
12  relevant person's] office." *Id.* § 415.20(a). Or "if no physical address is known, at [the relevant
13  person's] usual mailing address . . . with the person who is apparently in charge thereof." In
14  either case the summons and complaint must then be mailed by first-class mail. *Id.*

15  Here, Defendant argues the Court should quash service of process because Plaintiff did
16  not serve the summons and complaint on any person authorized to accept service for Defendant.
17  (ECF No. 10 at 5.) In opposition, Plaintiff contends the Court should not quash service of process
18  because Plaintiff properly sub-served Defendant and Defendant's agent — Weisberg —
19  "concedes" he "received" the lawsuit papers sometime after October 7, 2024. (ECF No. 12 at 5
20  (citing ECF No. 10-1 ¶ 3).)

21  The "concession" Plaintiff points to is Weisberg's declaration that he "saw papers on the
22  back of the Menemsha business location that looked like they were thrown there." (ECF No. 10-
23  1 ¶ 3.) Even assuming this was somehow sufficient to establish that Plaintiff, in lieu of personal
24  delivery, had appropriately left the summons and complaint with "John Doe" — a person who
25  was apparently in charge — Plaintiff does not indicate anywhere that he thereafter mailed a copy
26  of the summons and complaint by first-class mail as required by § 415.20. As such, the Court
27  finds Plaintiff has not demonstrated service was properly effectuated.
28  ///

4

Plaintiff argues in the alternative that Defendant's motion to quash should fail because Defendant had actual notice of the lawsuit since August 27, 2024. (*See* ECF No. 12 at 5.) However, actual notice does not remedy improper service under Rule 4 or California law. *See Benny*, 799 F.2d at 492 (noting actual notice does not provide personal jurisdiction); *Honda Motor Co. v. Superior Ct.*, 10 Cal. App. 4th 1043, 1048 (1992) (noting actual notice of the documents does not cure defective service).

Given the deficient service, the Court has discretion to either dismiss the action or quash service. *See S.J.*, 470 F.3d at 1293. Considering Plaintiff's efforts to properly serve, the lack of prejudice to Defendant, and the likelihood of successful service, the Court finds dismissal unwarranted and will quash the service of process instead. Accordingly, Defendant's motion to quash is GRANTED.

B.  Defendant's Default

Defendant also requests the Court set aside the entry of default. (ECF No. 10.) Plaintiff argues the Court should not set aside Defendant's default because Defendant has not provided legal grounds to support the request. (ECF No. 12 at 6.) However, default judgments are ordinarily disfavored and may be set aside "for good cause shown." Fed. R. Civ. P. 55(c); *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). Since service was improper, Defendant's motion to set aside the default is GRANTED.[1] *See Creer v. AT & T Umbrella Ben. Plan No. 1*, No. 2:09-CV-02210-MCE-KJM, 2010 WL 292762, at *2 (E.D. Cal. Jan. 19, 2010) ("The Motion to set aside the default is granted on the grounds that service was improper.").

C.  Sanctions

Finally, Defendant argues the Court should impose monetary sanctions against Plaintiff for wasting time, money, and judicial resources by: (1) not re-serving the Complaint; (2) including outdated facts in the Complaint; and (3) refusing to discuss issues in a meet and confer.

---

[1] Plaintiff argues that if the Court grants Defendant's motion to set aside the default, it should condition the decision on Defendant's payment of $2,000 to cover the time spent working with Defendant and opposing this motion. (ECF No. 12 at 7.) The Court DENIES Plaintiff's request for reimbursement because the law Plaintiff cites is non-binding and factually distinct. (*Id.* (citing *Coon v. Grenier*, 867 F.2d 73, 75 (1st Cir. 1989) (conditioning vacatur of default on payment where the plaintiff properly served the defendant)).

(ECF No. 10 at 10.)

In opposition, Plaintiff argues the Court should deny Defendant's request for sanctions because Defendant has not provided legal grounds to support it. (ECF No. 12 at 7.) Plaintiff also asserts he has not engaged in sanctionable conduct and has given Defendant ample opportunity and warning to respond to the lawsuit. (*Id.*)

Courts have inherent power to sanction parties or their lawyers for improper conduct. *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001). However, courts only impose sanctions in rare and exceptional cases "where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." *Nan Hanks & Associates, Inc. v. Original Footwear Co., Inc.*, No. 2:17-CV-00027-TLN-KJN, 2018 WL 3155247, at *2 (E.D. Cal. June 26, 2018) (quoting *Operating Eng'rs Pension Tr. v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988)).

As Plaintiff correctly asserts, Defendant has not provided legal support showing Plaintiff's conduct was egregious or done with an improper purpose. (ECF No. 12 at 7; ECF No. 10 at 10.) Therefore, Defendant's request for sanctions is DENIED. *See United Nat. Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1115 (9th Cir. 2001) (sanctions should be imposed on counsel "only in the most egregious situations, lest lawyers be deterred from vigorous representation of their clients").

**III.   CONCLUSION**

For the foregoing reasons, the Court hereby GRANTS in part and DENIES in part Defendant's Motion to Quash Service of Process, Motion to Set Aside any Default, and Request for Sanctions (ECF No. 10) as follows:

1. Defendant's Motion to Quash Service of Process is GRANTED;
2. Defendant's Motion to Set Aside any Default is GRANTED; and
3. Defendant's Request for Sanctions is DENIED.

Plaintiff has twenty-one (21) days from the electronic filing date of this Order to effectuate proper service of process on Defendant. If Plaintiff fails to properly effect service, the Court will dismiss this action.

1       IT IS SO ORDERED.

2 Date: May 2, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE